Jerry D. ALCORN, Appellant,

v.

Mrs. Johnnye BROWN et al., Appellees.

No. 17705.

Court of Civil Appeals of Texas, Fort Worth.

March 26, 1976.

Rehearing Denied April 30, 1976.

Law, Snakard, Brown & Gambill and Thos. H. Law and Douglas B. Owen, Fort Worth, for appellant.

Short & Copeland and John D. Copeland, Wichita Falls, for appellees.

## OPINION

MASSEY, Chief Justice.

Jerry D. Alcorn desired to devote to commercial purposes certain lot or lots in Gillaspia Addition, a restricted residential subdivision in the City of Wichita Falls. By the antecedent restrictive covenants placed upon use of lots in said addition this desire was frustrated. Alcorn brought suit against the other lot owners to have the restrictions removed.

Trial was to a jury which returned a verdict. Certain answers of the jury were disregarded for purpose of judgment, which was based upon answers remaining. Judgment was rendered in denial of vacation of the restrictions. Alcorn appealed.

We reverse the judgment and remand the cause for another trial.

Gillaspia Addition is comprised of 22 lots, all fronting upon Gayle Street, which is only one block in length. Each of the lots was developed, with residences placed thereon. Thereafter came development of nearby streets and highways and of a large shopping center just across an intersecting street at one end of Gayle Street. As described in the evidence Gillaspia Addition has become a residential island.

A residence at one end of Gayle Street has been converted into a beauty shop which evidently started with one or two chairs but by time of trial was shown to contain twenty chairs, with four operators. Nevertheless the appearance still is that of a resident, save for a sign, and there was never any action taken by other lot owners to prevent such use of the structure.

At the opposite end of Gayle Street a residence, still used as such, contains a picture-framing shop. Nevertheless the appearance is that of a residence, and there was no action taken by other lot owners to prevent such commercial use.

Immediately across the street from the residence in which the frame shop is operated are the two lots Alcorn desires to devote to commercial purposes. Thereon he plans to remove existing improvements and erect a new structure for use in retail sales of food and drink. In modern-day terms the intended use is to operate what is called a "Dairy Queen". To such intended use there was objection by at least some of the residents and lot owners in Gillaspia Addition.

Alcorn did not proceed with his intention, so as to invoke action of injunctive character. Instead he went into court and made all interested parties defendants to his suit to have the existent restrictive covenants as applied to his lots declared vacated and of no effect on the theory that change of conditions were such that the restrictions no longer served any useful purpose, and, alternatively, that there had been an abandonment of the rights afforded lot owners within the subdivision to have the whole thereof devoted to use for residential purposes, through their consent to the operation of the beauty shop and frame shop.

Abbreviated, the special issues and answers returned thereto was upon a charge, as follows:

No. 1. "Has there been a change of conditions in or surrounding said addition to extent it is no longer possible to secure in substantial degree the benefits sought to be realized through the restrictions?" Answer: "There have not been such changes".

No. 2. "Has there been material violations of the restrictions which materially affect the other lots in the addition?" Answer: "There has not been".

No. 3. "Has there been acquiescence in material violations of the restrictions to such extent that prior to the institution of this suit there had been general acquiescence in violation of restrictions, so as to amount to a general abandonment of the restrictions?" Answer: "There has been".

No. 4. "In view of the changed circumstances, conditions, and surroundings, is plaintiff (Alcorn) entitled to have the restrictions removed as to his lots?" Answer: "He is entitled".

No. 5. "Would removal of the restrictions as to Alcorn's lots materially affect adversely the use of Defendants' property for residential purposes?" Answer: "It would affect adversely".

All except Special Issue No. 5 were plaintiff's issues, and Special Issue No. 5 was an issue of the defendants. In the Charge of the Court, appropriate burdens were made a part of each inquiry.

By his first point of error Alcorn complains because the judgment is contrary to the verdict. Under this and other points Alcorn seeks to have this Court reverse the judgment of the trial court and render a contrary judgment for him under his prayer to have the restrictions removed as applicable to the use to which he desired to put his lots. He directs our attention to the answers to Special Issues Nos. 3 and 4. It is because of these answers he contends that he was entitled to judgment on the verdict of the jury. He advises that the trial court, necessarily, disregarded these answers by its judgment. Obviously that is true.

As applied to the court's disregard of the answer to Special Issue No. 4, the court could not have erred for the question posed was one of law. In entering judgment on the verdict of the jury a court may, without motion, disregard immaterial, evidentiary and voluntary findings of the jury, as well as findings on issues erroneously submitted, such as special issues on questions of law. 57 Tex.Jur.2d, p. 308, "Trial", § 560 "(Conclusiveness of findings) —Power of court to disregard".

There was no motion by the lot owners to disregard the answer returned in behalf of Alcorn to Special Issue No. 3. The inquiry by the issue and the answer returned thereto was supported by the evidence. The court disregarded such answer on its own motion. When supported by evidence, findings on submitted or material issues of fact are binding upon the court, which must render judgment on the findings unless they are set aside. 57 Tex. Jur.2d, p. 307, "Trial", § 559, "Conclusiveness of findings". The trial court has no authority, because of other apparently conflicting jury findings, to disregard a finding with legal significance which has support by evidence. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.Sup., 1966); T.R.C.P. 290, "(Verdict)—Definition and Substance".

However, for the same reasons the court could not have disregarded the jury's answer to Special Issue No. 2. It was a plaintiff's issue, and it might have been intended that Special Issue No. 3 be submitted conditioned upon a finding for Alcorn in answer to Special Issue No. 2. It was not submitted conditionally. It was answered. The answer to neither issue could be disregarded for purposes of entry of judgment.

Alcorn desires that we disregard the jury's answer to Special Issue No. 2 as reconcilable and not in conflict with the answer to Special Issue No. 3, or, as an issue upon which he had the burden of proof so that the jury's negative answer merely demonstrated that as applied thereto he failed to discharge such burden, though discharging similar burden as applied to Special Issue No. 3. In other words, Alcorn's contention must be that there has been no affirmative finding that there has not been material violations of the restrictions within the subdivision which materially affect the other lots. The jury was instructed to find in answer to Special Issue No. 2 either that "There has been" or "There has not been". The jury's answer was "There has not been". We construe the finding as an affirmative finding that the violations, indisputably established, were insufficient to materially affect the other lots, their value or their desirability for use for residential purposes, etc.

Therefore we have a conflict in the answers to Special Issues Nos. 2 and 3, neither of which may be disregarded, by the rule of *Howard v. Howard*, 102 S.W.2d 473, 475 (Tex.Civ.App., Austin, 1937, error refused), approved in *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949). " 'The test in such (a) case is, whether taking the finding alone in the one

instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.' "

In the instant case we see no way to reconcile a finding that there had been no material violations of the restrictions which materially affect the other lots in Gillaspia Addition with a finding that there had been such acquiescence in material violations of the restrictions to such extent that all the other lot owners had impliedly consented to a general abandonment of the restrictions.

No judgment could have been properly entered. A judgment for either party would have been contrary to the verdict by reason of the conflicting findings. The point complaining that judgment is contrary to the verdict is sustained.

By our ruling another trial will be required. There is no reason to discuss the remaining points of error. We have severally examined them and overrule all of them as either without merit or presenting no occasion for reversing the judgment.

Judgment of the trial court is reversed, with the cause remanded.