Robert M. **WYPER** and Marian R. Wyper, Plaintiffs–Appellants,

v.

**CAMDEN COUNTY, et al.,**
Defendants–Respondents.

No. 26294.

Missouri Court of Appeals,
Southern District,
Division One.

April 29, 2005.

Tracy Hunsaker Gilroy, St. Louis, for Appellants.

Susan Ford Robertson, Jeffrey O. Parshall, Columbia, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

Robert M. Wyper and Marian R. Wyper ("Wypers") are the record owners of 160 acres of rural property in Camden County, Missouri. Wypers' family has owned the Wyper property since 1907 when David Wyper acquired it via a Homestead Certificate. A private wagon road, which subsequently became a gravel roadway known as Rural Route 7–42, traversed through the middle of the 160–acre tract and continued through to neighboring properties from the inception of the ownership of the property to the present time.[1] Camden County has maintained the road, the accompanying draining ditches and the accompanying grader ditches at all times since at least 1950. The parties concede that the road was established as a public road pursuant to section 228.190;[2] however, there was no evidence of any legal descriptions of the road ever being recorded. While doing their estate planning, Wypers obtained a title report on the property. The report, dated October 21, 1999, revealed that Camden County did not have an easement of record that reflected the boundaries of its right-of-way traversing through Wypers' property. Wypers recognized the dilemma of trying to place fences or deed land without a

---

1. A petition to relocate or change a public road, which included conveyances of right-of-way by individual landowners but did not include Wypers or their predecessors in title, was filed in 1947.

2. Section 228.190 states in pertinent part:
 [a]ll roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads....
 All statutory references are to RSMo 2000 unless otherwise indicated.

properly recorded description of the road. There has never been a sale pending on the property and the property was not for sale at the time of the trial.

In an effort to resolve the legal title to the property, Wypers requested that Camden County Commissioners provide a survey or legal description of the roadway. Camden County refused to do so, claiming that it was unclear as to the location and description of its right-of-way through the Wypers' property. Wypers then commissioned a legal survey of the apparent area of Camden County's claimed right-of-way in hope that Camden County would agree to such boundaries and recordation of the same. When Camden County refused to agree, Wypers filed a lawsuit for claims, including: Count I, claiming inverse condemnation by Camden County in refusing to provide a legal description or conduct a survey of the public road; Count III, a claim for declaratory judgment whether Camden County has a duty to provide a legal description of the public roadway; and Count V, a suit for damages against Camden County for alleged clouded title due to the failure to provide a legal description.[3]

The trial court found for Camden County on Count I, the inverse condemnation claim, stating that Wypers failed to prove any damages and that an action for inverse condemnation was barred by the statute of limitations. In response to Count III, the request for a declaratory judgment, the

Court found the road to be a public road and no violations by Camden County of any statutory provisions, specifically including section 228.190. As to the request for damages, the trial court again found no evidence of damages for any claimed cloud to the title. The court further found that where the evidence leaves a description of the property uncertain, trial courts had the authority to order a survey and tax the survey as costs. As such, the trial court used the legal description for the road that Wypers provided at trial. The court ordered the survey done by Wypers to be taxed as costs, but ordered Wypers to pay the costs; it denied Wypers' claim for attorneys' fees.

Wypers bring two points on appeal. First, they appeal the implicit finding of the trial court that Camden County did not have an obligation to provide Wypers with a survey and legal description, which formed the basis of the adverse decisions on both Count I and Count III; they further appeal the failure of the court to award damages,[4] to Wypers for either Camden County's inverse acquisition of Wypers' property or the cloud on the title for the refusal to survey or legally describe the road in question.

 An inverse condemnation action lies if a public entity with condemning authority appropriates property for public use. *State ex rel. State Hwy. Comm'n v. Swink*, 537 S.W.2d 556, 558 (Mo. banc

3. The Respondents to this appeal are Camden County; Commissioners of Camden County, Orbie Wallace, Thom Gumm and Steve West; and Linda Sweatt, Collector of Revenue of Camden County; and Eddie Whitworth, Assessor of Camden County. For ease of discussion, we refer to Respondents collectively as Camden County. Count II, a suit against Southwestern Bell for refusal to provide a legal description, was settled and is not at issue in this appeal. Likewise, Count IV, a request for relief against Camden County, the

county assessor, and the county collector, requesting amendment of the legal description of Wypers' property to reflect the public roadway and a refund of any taxes paid, was not appealed. Count V, the suit for damages for clouded title, also alleged an action against Southwestern Bell, but that action was settled.

4. Although it is not clear from their point relied on, it appears Wypers include their attorneys' fees as damages.

1976); *Missouri Real Estate & Ins. Agency, Inc. v. St. Louis County*, 959 S.W.2d 847, 849 (Mo.App. E.D.1997) ("Inverse condemnation is a cause of action against a government agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed."). Even if Camden County's actions did amount to an inverse condemnation, we do not agree the failure of the county to provide a legal description to a previously established road was a taking by the State, which would subject the county to an action for inverse condemnation.

The legal basis for both Wypers' points is that, pursuant to chapter 228 and section 59.330, Camden County had a legal obligation to provide a survey and legal description of the roadway. Reliance upon section 59.330 and section 228.190 is misplaced. Sections 59.330.1(1) and 59.330.2 provide that a conveyance of property rights must be recorded and must contain a legal description. There has been no conveyance. Chapter 228 provides the mechanisms for an entity to establish a public road. Specifically, section 228.060 requires that when a county finds it necessary to establish a road, the county commission shall direct the county engineer to view, mark out, and survey such road and report his proceedings in the premises together with his survey and plat of said road to the county commission. Wypers argue that had the provisions of section 228.060 been complied with, then Wypers would not have had to expend monies to obtain a recordable legal description.

Although Wypers argue that the establishment of the road was a compelled conveyance of property rights from Wypers to Camden County, they acknowledge that the conveyance occurred over ten years ago. They also admit that the statute of limitations is ten years for inverse condemnation. *See Shade v. Missouri Hwy. and Transp. Comm'n*, 69 S.W.3d 503, 513 (Mo. App.W.D.2001) (holding that the statute of limitations for real property inverse condemnation actions is ten years). The trial court found that the road was established in 1950; that finding has not been challenged in this appeal. Even so, Wypers contend that Camden County had a duty to legally describe its right-of-way even if suit for the inverse condemnation occurred outside the statute of limitations. They circumvent the ten-year statute of limitations with the argument that the real taking at issue in this case was the refusal to obtain and record a legal description of the roadway.

Wypers claim it is a taking because without the legal description of Camden County's right-of-way, the Wypers cannot provide clear title to their own property. It may be that Wypers could not provide a clear title; however, the question before us is not if it would have been commendable for Camden County to cooperate with property owners in their county to provide their county residents with a legal description of the road so as to provide a clear legal title. The question before us is whether the trial court erred when it found that Camden County did not have a legal obligation to provide a legal description and record when an inverse condemnation case was brought well after the statute of limitations period had expired. We can find no authority for the proposition that Camden County must do so, nor were Wypers able to do so. Because the legislature has not seen fit to mandate that the counties must pay for a legal description for all public roadways in such situations, we will not judicially mandate such a provision.

The facts are that Camden County did not bring any action to establish a public road; that road had been established at least as early as 1950, and probably before

that. The case was brought to the court by the Wypers on an inverse condemnation claim and a declaratory judgment action to determine whether Camden County had a duty to provide a legal description. Camden County did not violate any of the provisions of either section 59.330 or chapter 228 when it failed to deliver or record a legal description of the previously established roadway. The trial court did not err in so finding. Point I is denied.

■ Wypers' second point claims the trial court erred in not awarding damages to Wypers for Camden County's inverse acquisition of and damaging of Wypers' property rights by Camden County's refusal to survey or legally describe its claimed or established right-of-way. Wypers note that even after the survey was completed at Wypers' expense, Camden County refused to consent to the recording of the legal description obtained by Wypers. Their premise is that Camden County had a duty to provide a legal description of its claimed roadway and Wypers were damaged by Camden County's refusal to do so. Further, because Camden County would not provide that legal description at Wypers' request, Wypers claim that damages did not occur until the refusal by Camden County to provide the legal description, which occurred in 2000. Therefore, Wypers argue that the statute of limitations did not begin to run until the fact of damage or alleged taking is determined. Wypers rely upon an equitable argument that it was unreasonable of Camden County to refuse to record the survey and, therefore, the court should have awarded damages.

Again, we need not reiterate our analysis from Point I, other than to say if Camden County did not have a legal obligation to provide a recordable legal description in this claim, then damages may

not follow for an inverse condemnation claim. Furthermore, the court found Wypers did not prove any cloud in its title,[5] thus no damages could follow on that claim. Keeping in mind that the procedural vehicle upon which the trial court made its decision was a suit by the Wypers for inverse condemnation, a declaratory judgment setting forth the rights of the parties, and a suit for damages for a clouded title, we do not find any abuse of discretion in the trial court's order assessing the costs of the survey to Wypers and refusing to order that Wypers' attorneys' fees be paid by the County.

■ In Missouri, litigants bear the expense of their own attorneys' fees as provided in the American Rule; however, attorneys' fees may be recovered if the situation falls within one of the following categories: (1) recovery pursuant to a contract or provided by statute; (2) recovery as damages in collateral litigation; or (3) reimbursement to balance the benefits. *Chapman v. Lavy,* 20 S.W.3d 610, 614 (Mo.App. E.D.2000). Since no contract or statute provides for the recovery of attorneys' fees in the instant case and there is no claim of collateral litigation, any recovery of attorneys' fees must be as reimbursement to balance the benefits. The equitable balancing of benefits is permissible only in very unusual circumstances. *Id.* "Missouri courts have construed unusual circumstances 'to mean an unusual type of case or unusually complicated litigation.'" *Stephenson v. First Missouri Corp.,* 861 S.W.2d 651, 658 (Mo.App. W.D. 1993) (quoting *Dugger v. Welp,* 646 S.W.2d 907, 909 (Mo.App. E.D.1983)).

■ Wypers did not bring a recognizable claim for relief against Camden County. The court did not err in refusing to award attorneys' fees as damages or in

5. That finding has not been challenged in this appeal.

failing to award attorneys' fees for the bringing of the action. Point II is denied.[6]

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

6. Respondents filed a motion to dismiss the appeal as not being timely filed. The motion is denied. The initial Judgment was entered on April 9, 2004; however, an Amended Judgment was entered on May 6, 2004. Although Respondents claim the Amended Judgment was simply an order nunc pro tunc, it is clear that a substantive provision was removed from the original order in the second judgment. Orders nunc pro tunc cannot change anything resulting from judicial discretion because such a change constitutes a substantive change. See Pirtle v. Cook, 956 S.W.2d 235, 239–43 (Mo. banc 1997). Appellants timely appealed the May 6, 2004 Amended Judgment.