Bryon Donald JONES, Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

No. ED 89362.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 6, 2007.

Branson L. Wood, III, Hannibal, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Jefferson City, for respondent.

CLIFFORD H. AHRENS, Judge.

Bryon Donald Jones ("Jones") appeals the judgment of the trial court in favor of the Director of Revenue, State of Missouri ("DOR") on Jones' petition for review of the disqualification of his driving privileges. Jones argues he was denied his right to procedural due process because the arresting officer did not inform him that a refusal to take a breath test would result in the disqualification of his commercial driver's license. Finding no error, we affirm.

Jones was arrested for driving while intoxicated. According to the arresting officer, Jones refused to submit to a breathalyzer test. Jones was driving his private vehicle at the time; however, he subsequently received notice of the disqualification of his commercial driver's license for a one year period. Jones filed a petition for review of the disqualification, and he subsequently filed an amended petition including claims regarding the violation of his right to procedural due process as a result of the arresting officer's failure to advise Jones of the consequences of refusing the breath test. The trial court heard the matter and entered judgment in favor of the DOR. Jones now appeals.

Our review of the trial court's judgment is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Orton v. Director of Revenue,* 170 S.W.3d 516, 520 (Mo.App.2005). Thus, we will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.;* (citing *Murphy,* 536 S.W.2d at 32).

In his sole point on appeal, Jones claims the trial court erred in entering judgment in favor of the DOR regarding the disqualification of Jones' commercial driver's license because the arresting officer did not inform him that such disqualification would result from Jones' refusal to submit to a breathalyzer test. Jones claims this inaccurate warning resulted in the denial of his right to procedural due process.

Pursuant to section 302.755.1(1) RSMo (Cum.Supp.2007)[1], a person is disqualified from driving a commercial motor vehicle for a period of not less than one year if he or she is convicted of driving under the influence of alcohol or a controlled substance[2]. This statute was amended in

---

**1.** All further statutory references are to RSMo (Cum.Supp.2007), unless otherwise indicated.

**2.** We have not been provided with the notice of disqualification of Jones' commercial driver's license in the record on appeal; however, neither party disputes the applicability of section 302.755.1(1) on appeal.

2005. The previous version of the statute allowed for disqualification of a commercial driver's license for a period of not less than one year only after a conviction for driving a commercial motor vehicle under the influence. Section 302.755.1(1) RSMo (2000). Jones claims that because of the 2005 amendment to section 302.755.1(1), the reasons for commercial disqualification were expanded. He argues that commercial disqualification for refusal to submit to a breath test while driving a private motor vehicle now requires revision of the statutory warning contained in section 577.041 RSMo (Cum.Supp.2007).

Initially, we note that there are provisions in the uniform commercial driver's license act concerning implied consent and the required warnings for refusal to submit to a chemical test. Specifically, section 302.745.2 RSMo (2000) provides that an individual who drives a commercial motor vehicle is deemed to have given consent to a chemical test of his breath, blood, saliva, or urine to determine alcohol concentration or the presence of controlled substances. Additionally, section 302.750.2 RSMo (2000) states that a person requested to submit to a chemical test pursuant to section 302.745 shall be warned that the refusal to submit to the test will result in being disqualified from operating a commercial vehicle for a period of not less than one year for the first refusal. However, these sections apply to individuals driving commercial motor vehicles, not private vehicles. Neither provision was amended in 2005 to expand to individuals with commercial driver's licenses driving private vehicles. Therefore, the implied consent warning set forth in section 302.750.2 is required only when the refusal is in the context of an individual driving a commercial motor vehicle. Here, Jones was driving his personal vehicle, and therefore, the relevant question is whether the proper implied consent warning was given to him pursuant to section 577.041.1.

There was no evidence that the officer failed to provide Jones with the proper warning regarding refusal to submit to the breath test pursuant to section 577.041.1. The arresting officer testified that he advised Jones of his rights under the Missouri implied consent law, and Jones refused to submit to the test. Jones argues that for the warning to be sufficient, it must now include an additional requirement that he be informed of the ancillary consequence of having his commercial driver's license disqualified. However, we do not believe such a supplement to the implied consent warning is necessary, because it logically follows that the privilege to drive a commercial motor vehicle extends from the underlying privilege to drive a private motor vehicle. Loss of this additional privilege would rationally follow revocation of the underlying privilege. In fact, section 577.041.1 states that "*any* license to operate a motor vehicle issued by this state" held by an individual is to be surrendered upon refusal to submit to a chemical test. (emphasis added). Therefore, it is not unreasonable to conclude that the additional consequence of the disqualification of Jones' commercial driver's license is one which Jones can be presumed to know. *See Bettis v. Potosi R–III School Dist.,* 51 S.W.3d 183, 188 (Mo. App.2001) (it is generally the law that individuals are presumed to know the law). Thus, the officer did not err in failing to inform Jones of the added consequence of having his commercial license disqualified as a result of his refusal to submit to the breath test, and the implied consent warning was not inadequate. Jones was provided an adequate warning pursuant to the Missouri implied consent law, and he declined to submit to the chemical test. As a result, this constituted a "refusal" pursuant to the implied consent law and was sufficient to warrant disqualification of Jones' commercial driver's license pursu-

ant to section 302.755.1(1). Jones was not denied his right to procedural due process, and the court did not err in entering judgment in favor of the DOR. Point denied.

The judgment of the trial court is affirmed.

RICHTER, P.J., AHRENS, J., and NORTON, J., concur.