Helen LEE, Shane Hu, and Kevin Huang, Appellants,

v.

**INVESTORS TITLE COMPANY,**
Respondent.

No. ED 89042.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 4, 2007.

---

1. All statutory references are to RSMo 2000,    unless otherwise indicated.

Stephen C. Banton, Gregory F. Quinn, Manchester, MO, for appellant.

Joseph V. Keady, Jr., Clayton, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

In this consolidated appeal, Helen Lee, Shane Hu, and Kevin Huang (hereinafter and collectively, "Buyers") appeal from the trial court's judgment in favor of Investors Title Company (hereinafter, "Title Company"). Title Company cross-appeals, seeking reversal of the trial court's judgment denying it an award of attorneys' fees. We affirm in part, reverse and remand in part.

Buyers raise four points on appeal. Their first two points challenge the trial court's dismissal of Counts VI and VIII of their second amended petition. Their third point argues the trial court erred in granting Title Company summary judgment on Count V of the second amended petition. Buyers' fourth point argues the trial court abused its discretion when it denied Buyers leave to amend and submit a fourth amended petition.

We have reviewed the briefs of the parties and the legal file with respect to Buyers' four points on appeal. The trial court's judgment is supported by competent and substantial evidence on the record, and we find no error. An extended opinion reciting the detailed facts and restating the principles of law with respect to Buyers' points would have no precedential value. Buyers have been furnished with a memorandum opinion, for their use only, setting forth the reasons for the order affirming the trial court's judgment pursuant to Rule 84.16(b). However, we reverse and remand the judgment with respect to the trial court's failure to award Title Company attorneys' fees.

Title Company cross-appeals, raising one point of error. Title Company argues the trial court abused its discretion when it denied its request for attorneys' fees because the escrow agreement was enforced in its favor and therefore, required such an award. Alternatively, Title Company claims it was entitled to attorneys' fees because the trial court granted its request to interplead the escrow money, and as a stakeholder, it should have been awarded fees.

In Missouri, litigants generally bear the expense of their own attorneys' fees as provided in the American Rule. *City of Cottleville v. St. Charles County*, 91 S.W.3d 148, 150 (Mo.App. E.D.2002). Attorneys' fees may be recovered, however, if the circumstances arise from one of the following categories: (1) recovery pursuant to a contract or provided by statute; (2) recovery as damages in collateral litigation; or (3) reimbursement to balance the benefits. *Wyper v. Camden County*, 160 S.W.3d 850, 854 (Mo.App. S.D.2005).

Title Company argues it is entitled to recovery of its attorneys' fees pursuant to a contract, specifically, the escrow agreement entered into by the parties.

The escrow agreement entered into between Buyers, Kinder Construction, Inc. (hereinafter, "Builder") and Title Company contains two provisions regarding attorneys' fees. The provision relevant to this appeal provides as follows:

In consideration thereof and as inducement therefore, said parties do hereby jointly and severally indemnify and hold [Title Company] harmless of and from any and all loss, cost, damage and expense of every kind including attorneys' fees, which [Title Company] shall or may suffer or incur or become liable for under its said policy ... on a ... claim or in connection with its enforcement of its rights under this Agreement, unless and except to the extent that any such lien or claim results from [Title Company] or its employees' or agents' negligence or default under this Agreement.

We recognize an exception to the American Rule when a contract permits a successful litigant to recover attorney's fees. *McClain v. Papka*, 108 S.W.3d 48, 54 (Mo.App. E.D.2003). "If a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party." *White v. Marshall*, 83 S.W.3d 57, 63 (Mo.App. W.D.2002)(*quoting Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 652 (Mo.App. E.D.1997)). The decision to award attorney's fees is not a matter of discretion in this situation and failure to do so is erroneous. *See Sheppard v. East*, 192 S.W.3d 518, 523 (Mo.App. E.D.2006); *Luck 'E' Strike Corp. v. First State Bank of Purdy*, 75 S.W.3d 828, 835 (Mo.App. S.D.2002).

Here, it is clear from the language in the quoted paragraph from the escrow agreement that Buyers and Builder agreed to indemnify Title Company for "any and all loss, cost, damage and expense of every kind including attorneys' fees" which were incurred "in connection with its enforcement of its rights under this Agreement...." The record reflects Title Company prevailed on every allegation brought by or against it, relating to the enforcement of its rights under the escrow agreement. Therefore, the trial court was required to award Title Company attorneys' fees and erred when it failed to do so.[1] Point granted.

The trial court's judgment is reversed with respect to the denial of an award of attorneys' fees for Title Company. The cause is remanded and the trial court is directed to determine an amount of attorneys' fees to be awarded to Title Company that it deems reasonable and proper.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.

---

1. Alternatively, Title Company argues it should recover attorneys' fees because it successfully interpleaded the escrow money in this case. We need not address this issue as we have determined Title Company is entitled to an award of attorneys' fees pursuant to the escrow agreement.