**Brian F. MILLER, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 69319.**

Missouri Court of Appeals,
Western District.

Jan. 20, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 2009.

Bruce Brandon Brown, Kearney, MO, for Appellant.

James Robert Layton, Jefferson City, MO, for Respondent.

Before: JOSEPH M. ELLIS, Presiding Judge, RONALD R. HOLLIGER and JOSEPH P. DANDURAND, Judge.[1]

JOSEPH M. ELLIS, Judge.

On November 18, 2006, Appellant Brian F. Miller was arrested in Platte City, Missouri, for driving while intoxicated. Appellant held a class A commercial driver's license but was not driving a commercial vehicle at the time of his arrest. The arresting officer seized Appellant's driver's license.

On November 21, 2006, Appellant, acting through counsel, sent a letter to the Department of Revenue stating that his license had been seized and that, though he had not yet been served with notice of suspension or revocation, he was requesting an administrative hearing.

On December 7, 2006, the arresting officer completed a Notice of Suspen-

---

1. Ronald R. Holliger, Judge, participated in oral argument but was not a member of the court when this opinion was handed down.

sion/Revocation of Appellant's driving privilege under Section 302.505.[2] That notice was forwarded to the Department of Revenue.

On December 18, 2006, the Department sent Appellant a "Notice of Disqualification of Your Driving Privilege From Operating Class A, B, and/or C Commercial Motor Vehicle." That notice informed Appellant that he was disqualified from driving a commercial vehicle for one year beginning January 17, 2007, that the decision was final, and that Appellant had 30 days to appeal the decision to the circuit court in his county of residence.

On January 5, 2007, the Department sent Appellant notice of a hearing to be held on January 22, 2007, related to the suspension/revocation of his driving privileges.

On January 10, 2007, Appellant filed a petition for review of his disqualification from driving a commercial vehicle in the Circuit Court of Ray County, where he resided.

Following the January 22 hearing, on January 31, 2007, the hearing officer issued her findings of fact and conclusions of law finding that Appellant had been arrested for driving while intoxicated and that his blood alcohol level had been over .08%. She sustained the suspension/revocation of his privilege to drive in the State of Missouri. Her decision also informed Appellant of his right to seek a trial *de novo* in the circuit court of his arrest by filing for such a trial by February 15, 2007. On March 1, 2007, Appellant filed a petition for trial *de novo* in the Circuit Court of Platte County. Subsequently, Appellant filed a motion to dismiss that petition, and it was dismissed with prejudice.

On September 11, 2007, a hearing was held in the Circuit Court of Ray County regarding Appellant's disqualification from driving a commercial vehicle. On October 2, 2007, the circuit court entered its judgment affirming the disqualification, relying upon the previous adjudication of the suspension/revocation of Appellant's driving privileges to establish a "conviction" under § 302.700(8).[3] Appellant brings two points on appeal.

"Our review of the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Jones v. Director of Revenue*, 237 S.W.3d 624, 625 (Mo.App. E.D.2007). "Thus, we will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

■ In his first point, Appellant contends that the trial court erred in relying

2. The Notice of Suspension/Revocation states:
   *SUSPENSION INFORMATION*
   If you have not had any alcohol offenses within the past five years, your license will be suspended for 30 days. After your suspension, you may receive a 60–day restricted driving permit for work, school, and to attend an alcohol education/treatment program. . . .
   *REVOCATION INFORMATION*
   Your license will be revoked for one year if your driving record shows one or more alcohol offenses within the past five years. . . .
   Neither the administrative findings of fact and conclusions of law nor the judgment of the circuit court in the trial *de novo* indicates whether Appellant has received the suspension or the one-year revocation, and the record does not contain any evidence related to whether he has had any alcohol-related offense within the past five years. Accordingly, as was done in the administrative ruling and the judgment of the circuit court, this court will simply refer to the sanction against him as a suspension/revocation of his driving privileges.

3. All statutory references are to RSMo Cum. Supp. 2007 unless otherwise noted.

on the administrative determination related to the suspension/revocation of his driving privileges in determining that his disqualification from driving a commercial vehicle was proper. He argues that disqualification under § 302.755.1, and the procedures related thereto under § 302.311, was the exclusive manner in which his commercial driver's license could be suspended or revoked. He claims that the circuit court should have deemed the administrative determination under § 302.505.1 to be void, that the trial court's reliance on that determination to establish a "conviction" was therefore improper, and that the court should have granted his request for a trial *de novo* on all issues.

Section 302.505.1 provides that the Director "shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight." The arresting officer "shall forward to the department a certified report of all information relevant to the enforcement action," § 302.510.1, and the Director then makes the determination to suspend or revoke on the basis of that report. § 302.505.2. Once that determination is made, the driver may request a hearing pursuant to § 302.530 within 15 days of receipt of the Director's notice. A driver aggrieved by the hearing officer's decision may then request a trial *de novo* in the circuit court of the county where the arrest occurred within 15 days of the mailing of notice of that decision. § 302.535. This procedure was followed in suspending/revoking Appellant's driving privileges.

Appellant contends that, because he held a commercial driver's license, he could only have his driving privileges suspended or revoked in accordance with § 302.755, which he claims is a more specific statute addressing the suspension or revocation of a commercial driver's license for driving under the influence. He argues that the administrative action taken under § 302.505 was improper and void.

Under § 302.755.1(1), "a person is disqualified from driving a commercial motor vehicle for a period of not less than one year if he or she is convicted of driving under the influence of alcohol or a controlled substance." *Jones,* 237 S.W.3d at 625. The term "conviction" refers to "an unvacated adjudication of guilt, . . . or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction *or an authorized administrative proceeding.*" § 302.700(8) (emphasis added). Review of the Director's decision to disqualify a person from driving a commercial vehicle under § 302.755 is governed by § 302.311. *West v. Director of Revenue,* 184 S.W.3d 578, 579 (Mo.App. S.D.2006). Under § 302.311, a driver disqualified from driving a commercial vehicle may petition the circuit court in his or her county of residence for a trial *de novo* on the issue within 30 days of the Director's decision.

Appellant misunderstands the nature of the sanction imposed by § 302.755. That section does not result in the revocation or suspension of the driving privilege as a whole. As the statute expressly states, it simply sets a period during which a driver is disqualified from driving a commercial vehicle.

■ Indeed, Appellant's commercial driving privilege, as well has his noncommercial driving privilege, was suspended or revoked as a result of the Director's actions under § 302.505. "[I]t logically follows that the privilege to drive a commercial motor vehicle extends from the underlying privilege to drive a private motor

vehicle." *Jones,* 237 S.W.3d at 626. "Loss of this additional privilege would rationally follow revocation of the underlying privilege." *Id.*

Section 302.755 provides for an additional sanction to be imposed upon a driver who holds a commercial driver's license, ordinarily imposing a disqualification period from driving a commercial vehicle that is longer than the suspension or revocation imposed under § 302.505. While it might make sense for these matters to be addressed in the same proceeding, the legislature has not seen fit to merge them. The statutes require proceedings under § 302.535 to be conducted in the county in which the arrest occurred and proceedings under § 302.311 to be conducted in the driver's county of residence. The language of these respective statutes is clear and unambiguous, and the provisions contained therein do not conflict with each other. Accordingly, the trial court did not err in rejecting Appellant's claim that the suspension/revocation of his license under § 302.505 was void. Point denied.

■ In his second point, Appellant claims that the trial court erred in entering judgment in favor of the Director because he was not properly served with notice of the suspension/revocation of his license under § 302.505. He states that neither the arresting officer nor the director ever provided him with the notice required by statute. He contends that the subsequent administrative proceedings were therefore void and his license was never effectively suspended or revoked. He argues that the trial court, therefore, could not have properly found that he had a "conviction" for driving under the influence of alcohol so as to warrant disqualifying him from driving commercial vehicles under § 302.755.

Appellant's attempt to collaterally attack the judgment affirming the suspen-

sion/revocation of his license is misplaced. Any assertion that notice was insufficient should have been raised in the suspension/revocation proceedings. *Whitelaw v. Director of Revenue,* 73 S.W.3d 731, 733 (Mo.App. E.D.2002). Moreover, Appellant requested an administrative hearing in that matter and fully participated in that hearing. Thus, even if the notice issue was properly presented in this case and Appellant proved that he did not receive notice, the record supports a finding that Appellant waived any objection to the sufficiency of notice. Point denied.

The judgment is affirmed.

All concur.