SUPPLEMENTAL MEDICAL
SERVICES, Respondent/Cross–
Appellant,

v.

MEDI PLEX HEALTH CARE,
Appellant/Cross–
Respondent.

No. ED 91732.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 22, 2009.

---

Venus V. Harry, Brandi Miller, Law Offices of Venus V. Harry, LLC, St. Louis, MO, for Appellant.

Jennifer A. Coke, The Coke Law Firm, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Medi Plex Health Care (Medi Plex) appeals from the trial court's judgment, following a bench trial, finding in favor of Supplemental Medical Services, Inc., d/b/a StaffLink (StaffLink) on StaffLink's petition for breach of contract and suit on account against Medi Plex. StaffLink cross-appeals from the same judgment. StaffLink's petition alleged that Medi Plex failed to pay StaffLink the charges associated with the nurses StaffLink provided to Medi Plex under their Client Service Agreement (Agreement), a contract by

which StaffLink provided nurses to Medi Plex, which in turn provided individual nurses to its clients/patients who were in need of care in their homes. The Agreement provided that StaffLink would provide the services of an RN to Medi Plex at an hourly bill rate of $57.00, eight hours per day minimum, plus 41 cents per mile mileage reimbursement.

In its judgment, the trial court found that the Agreement signed by the two parties was unambiguous by its terms, such that the parties were responsible for a minimum of eight hours of nursing service and fees. The court therefore ordered that Medi Plex pay StaffLink's damages plus interest, and that "each party shall bear and be solely responsible for their own attorneys['] fees." Medi Plex was assessed court costs.

On appeal, Medi Plex argues that the trial court erred entering judgment in favor of StaffLink, claiming that the trial court's judgment was not supported by substantial evidence and erroneously declared and applied the law. Medi Plex further argues that the terms of the Agreement under which StaffLink agreed to provide the services of an RN to Medi Plex at an hourly rate of $57.00, eight hours minimum, were not unambiguous as found by the trial court.

On cross-appeal, StaffLink contests the trial court's order that each party bear its own attorneys' fees.

We affirm the trial court's judgment ordering Medi Plex to pay StaffLink damages and interest. We reverse and remand the trial court's judgment regarding attorneys' fees.

*Factual and Procedural Background*

StaffLink filed a petition for breach of contract and suit on account against Medi Plex on January 9, 2008. In its petition,

StaffLink alleged that Medi Plex entered into a Client Service Agreement (Agreement) with StaffLink on or about March 30, 2007, in which StaffLink agreed to provide registered nursing services to Medi Plex.

The Agreement, incorporated into the petition by attachment, stated: "[StaffLink] . . . will provide the services of an RN to [Medi Plex] . . . at an hourly bill rate of $57.00/hr, eight hours per day minimum, plus .41 cent per mile mileage reimbursement." The Agreement further stated, "If this account is collected by a collection agency or an attorney by suit or otherwise, you [Medi Plex] agree to pay all collection fees and/or all reasonable attorney fees and cost of collection."

In its petition, StaffLink contended that it "duly performed all of said nursing services to [Medi Plex]." According to StaffLink's allegations, Medi Plex incurred charges to StaffLink of $6840, plus interest of $923.40, for the period of April 13, 2007, through May 27, 2007. StaffLink further alleged that it made demand on Medi Plex to pay its balance due, but Medi Plex failed and refused. Lastly, StaffLink contended that under the terms of the Agreement, Medi Plex agreed to pay all collection and attorneys' fees and costs of collection where the "account is collected by a collection agency or an attorney by suit or otherwise."

Medi Plex filed its answer and affirmative defenses on April 3, 2008, denying StaffLink's allegations and alleging affirmatively that StaffLink could not recover because of a failure of consideration, fraud, violation of the statute of frauds, and StaffLink was not a party in interest with standing.

The parties appeared for trial on July 9, 2008, at which time they each presented evidence. Among the evidence presented, the owner of StaffLink read from the

Agreement: "If this account is collected by a collection agency or an attorney by suit or otherwise, you agree to pay all collection fees or all reasonable attorney fees and costs of collection." When asked whether StaffLink paid attorneys' fees to collect the amounts it was claiming due, StaffLink's owner answered, "We're doing it right now."

The trial court filed its Judgment and Order on July 25, 2008, summarizing that StaffLink provided nurses to Medi Plex, which in turn provided individual nurses to its clients/patients who were in need of care in their homes. Based on the evidence presented at trial, the trial court was persuaded that

> on occasion less than eight hours of work was actually performed by the nurse provided by Staff Link to Medi Plex. However, the contract between the parties indicated that the parties would be responsible for a minimum of eight hours per week—Staff Link providing a nurse for at least eight hours per day and Medi Plex paying $57.00 per hour for at least eight hours so provided.

The trial court found that that Agreement's terms were clear and unambiguous, such that the parties were responsible for an eight hour minimum of service and fees. The court stated,

> The Contract terms did not set out a fee for service arrangement premised on actual hours but rather upon the understood and agreed minimum of eight hours. That is to say that the Contract set out a minimum floor of fees due for the services provided. That floor or minimum agreed to by the parties was [forty] hours per week at a rate of $57.00 per hour.

The court therefore ordered that StaffLink recover from Medi Plex damages of $6840, plus interest of $751.27, for a total of $7,591.27. The court further ordered that "each party shall bear and be solely responsible for their own attorneys['] fees" and assessed court costs against Medi Plex.

On August 7, 2008, Medi Plex filed its notice of appeal to this Court. StaffLink filed its notice of appeal on August 28, 2008. This Court consolidated the two appeals into one and this appeal follows.

## Direct Appeal

Medi Plex raises six points on appeal. In each of its six points, Medi Plex contends that the trial court erred in finding that the terms of the contract were unambiguous, and that Medi Plex breached its contract with StaffLink. Medi Plex argues the court's determination is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares or applies the law. Medi Plex further contends that StaffLink should be barred from recovery from Medi Plex due to principles of collateral estoppel and unjust enrichment.

## Cross–Appeal

On cross-appeal, StaffLink argues that the trial court erred when it ordered each party to pay its respective attorneys' fees because the contract between the parties required Medi Plex to pay StaffLink's attorneys' fees and costs.

## Standard of Review

We review the trial court's determination in accordance with the standard established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment is sustained on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

## Discussion

We have reviewed the briefs and the record on appeal. The claims of Medi

Plex are without merit as the terms of Agreement are unambiguous. We find no error of law in Medi Plex's points regarding damages and interest. Thus, an extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. With the exception of the award of attorney's fee, the judgment is affirmed pursuant to Missouri Rule of Civil Procedure 84.16(b). This opinion addresses the error alleged by StaffLink in its cross-appeal: the trial court's order requiring that each party pay its own attorneys' fees.

 In Missouri, attorneys' fees generally are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided for by contract. *Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 657 (Mo. banc 2009). "Where a party's claim to attorney fees is based upon a contract the court must adhere to the terms of the contract and may not go beyond it." *Mead v. Moloney Sec. Co., Inc.*, 274 S.W.3d 537, 545 (Mo.App. E.D.2008). Although the trial court is usually granted broad discretion in awarding attorneys' fees, it has no discretion in complying with terms of attorneys' fees made by contract. *Jackson v. Christian Salvesen Holdings, Inc.*, 978 S.W.2d 377, 385 (Mo.App. E.D.1998). *See, e.g., Mead*, 274 S.W.3d at 545; *Lee v. Investors Title Co.*, 241 S.W.3d 366, 367–68 (Mo.App. E.D.2007).

StaffLink based its request for an award of attorneys' fees upon the parties' Agreement. The Agreement and the relevant provisions relating to the payment of attorneys' fees were entered into evidence and are included in the record before this Court. The record further contains evi-

dence that StaffLink had paid attorneys' fees incurred with the collection of Medi Plex's debt.[1] It is clear from the evidence contained in the record that the trial court proceeding constitutes a suit regarding the collection of payment. Accordingly, this action falls within the terms of the Agreement, which unambiguously states, "If this account is collected by a collection agency or an attorney by suit or otherwise, you [Medi Plex] agree to pay all collection fees and/or all reasonable attorney fees and cost of collection."

We find that Medi Plex was contractually required to pay StaffLink's attorneys' fees incurred in the trial court proceedings and that the trial court erred in ordering each party to pay its own attorneys' fees. However, although the liability for the payment of attorneys' fees is established, it is incumbent upon the trial court to determine the reasonableness of the fees sought by StaffLink. Because the trial court erred in denying StaffLink's request for attorneys' fees, we remand with directions to the trial court to take evidence of StaffLink's attorneys' fees and to determine a reasonable award of attorneys' fees. StaffLink's point on cross-appeal is granted.

### Conclusion

The judgment of the trial court is affirmed regarding damages and interest. The judgment of the trial court is reversed as to payment of attorneys' fees. The case is remanded to the trial court for proceedings consistent with this opinion.

KENNETH M. ROMINES, C.J., and GEORGE W. DRAPER III, J., Concur.

---

1. We note that Medi Plex did not file a responsive brief to StaffLink's cross-appeal, and presented no oral argument on the issue of attorneys' fees raised in the cross-appeal.