# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2511

_____

H&R Block Eastern Enterprises, Inc.

*Plaintiff - Appellee*

v.

Claude L. Sanks, Jr., also known as Bobby Sanks

*Defendant - Appellant*

_____

No. 17-2588

_____

H&R Block Eastern Enterprises, Inc.

*Plaintiff - Appellant*

v.

Claude L. Sanks, Jr., also known as Bobby Sanks

*Defendant - Appellee*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 13, 2018
Filed: March 26, 2019
[Unpublished]
_____

PER CURIAM.

H&R Block Eastern Enterprises, Inc. ("Block") sued Claude L. Sanks, Jr., for fraudulent and negligent misrepresentations and for breach of multiple contracts. Sanks appeals the district court's[1] grant of summary judgment in favor of Block and its denial of Sanks's motion for summary judgment on his counterclaims. Sanks also appeals the district court's imposition of sanctions for willful violation of its discovery order, its denial of his motion to amend his counterclaims, and its award of contractual attorneys' fees to Block. For reasons described in the district court's thorough and well-reasoned opinions, and for those that follow, we affirm.

Sanks's mother established a tax preparation business that became known as Sanks Income Tax. She operated it for many years with Sanks until she suffered a severe brain injury. Thereafter, Block and Sanks agreed to have Sanks Income Tax become a Block franchise. At all times, Sanks held himself out as the sole and undisputed owner of Sanks Income Tax. Cathy Conaway, Sanks's sister and the guardian and conservator of their mother, threatened litigation against her brother when she heard that Sanks Income Tax may have become a Block franchise. Sanks's attorney responded with a letter that included multiple misrepresentations about Sanks Income Tax and its status as a Block franchise.

Later, Sanks sold Sanks Income Tax to Block pursuant to an asset purchase agreement ("APA"). Under the APA, Sanks agreed to transfer all property and assets of Sanks Income Tax to Block. He also agreed to abide by noncompetition and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

-2-

nonsolicitation covenants that prohibited him from serving clients of Sanks Income Tax, and he agreed to refrain from using any IRS Electronic Filing Identification Number ("EFIN") for five years. At no point did Sanks disclose that his sister had challenged his ownership of Sanks Income Tax. He also misrepresented to Block that Sanks Income Tax had to relocate because its lease was expiring. There was no such lease, and Sanks Income Tax was not required to move.

While Block attempted to move Sanks Income Tax to a new location, Conaway, who had assumed management responsibilities for what she thought was her mother's original business, continued to operate it at its original location. Conaway unknowingly retained multiple assets of Sanks Income Tax that Sanks had promised to deliver to Block. Sanks was aware of Conaway's continued operation of Sanks Income Tax. Upon learning of Conaway's activities, Block confronted Sanks, who assured Block that he would transfer all assets of Sanks Income Tax to the new location as promised. The parties agreed to amend the APA, conditioning a remaining payment owed to Sanks upon Sanks Income Tax achieving certain revenue thresholds by the end of 2015.

Unbeknownst to Block, Sanks also opened a competing business called Tax & Accounting Services. Sanks used the EFIN from Sanks Income Tax to file returns through Tax & Accounting Services, and he admitted to serving clients on the APA client list at Tax & Accounting Services. Sanks also admitted to serving clients on the APA client list at two other, independently owned tax businesses.

Block filed this lawsuit in 2016 to enjoin Sanks from violating the noncompete and nonsolicitation covenants of the APA. To resolve Block's motion for a preliminary injunction, Sanks entered into yet another agreement requiring him to abide by the APA and prohibiting him from serving former clients of Sanks Income Tax during this litigation. Nevertheless, Sanks continued to file returns for clients of Sanks Income Tax elsewhere.

Viewing the record in the light most favorable to Sanks, and drawing all reasonable inferences from it in his favor, we conclude, after careful *de novo* review, that summary judgment was properly granted in favor of Block. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012).

Block's lawsuit was not barred by any of the agreements it entered into with Sanks. Blocks' conditional release in the APA of certain existing claims does not apply here because Block's claims either were not subject to the release, arose after their initial agreement was executed, or involved misrepresentations that induced Block to enter into that agreement. *See Bening v. Muegler*, 67 F.3d 691, 698 (8th Cir. 1995) (explaining that a misrepresentation claim cannot be released by a contract induced by that misrepresentation). Block's agreement to "forbear" from bringing suit in the APA amendment also was not the equivalent of a "release" and, under Missouri law, was not perpetual even though it did not include an explicit time limit. *See Bridges v. Stephens*, 34 S.W. 555, 560 (Mo. 1896) ("Nor is it an objection that no specific time of forbearance was agreed upon, for in such a case the law will imply a reasonable time.").

For reasons described in greater detail in the district court's opinion, the record established beyond genuine controversy that Sanks is liable for fraudulent and negligent misrepresentation and for breaching multiple contracts and covenants with Block, including explicit noncompetition and nonsoliciation covenants and the implied covenant of good faith and fair dealing. *See Kmak v. Am. Century Cos.*, 754 F.3d 513, 516 (8th Cir. 2014) ("Missouri law implies a covenant of good faith and fair dealing in every contract."). The district court also properly denied Sanks's motion for summary judgment on his counterclaims for the reasons described in its opinion.

We review the district court's imposition of discovery sanctions for abuse of discretion. *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1105 (8th Cir. 2004). We conclude that the district court did not

abuse its discretion.  We also find that it properly awarded contractual attorneys' fees to Block for its prosecution of its breach of contract claims.  *See Supplemental Med. Servs. v. Medi Plex Health Care*, 293 S.W.3d 128, 132 (Mo. Ct. App. 2009) (stating that the trial court "has no discretion in complying with terms of attorneys' fees made by contract").  Finally, we find that the district court properly denied Sanks's untimely motion for leave to amend his counterclaims for failure to show good cause.  *See Hartis v. Chi. Title Ins. Co.,* 694 F.3d 935, 948 (8th Cir. 2012) ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).").

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____